FILED
01-15-2020
Iron County
Clerk of Circuit Court
2020CV000003

State of Wisconsin

Circuit Court for Iron County

| | |
|---|---|
| Whitecap Mountain Recreation, Inc., a domestic business corporation, 9106 W County Road E Upson, WI 54565<br><br>and<br><br>Penokee Skiing Company, LLC, a domestic limited liability company, 9106 W County Road E Upson, WI 54565<br><br>and<br><br>Penokee Holding Company, LLC a domestic limited liability company, P.O. Box 558 Mercer, WI 54547,<br><br>      Plaintiffs,<br> vs.<br><br>Axis Surplus Insurance Company a foreign insurance corporation, 111 South Wacker Drive, Suite 3500 Chicago, IL 60606,<br><br>      Defendant. | Case No. _____<br><br>Case Classification Type:  Other Contracts<br> Case Classification Code:  30303<br><br>SUMMONS |

THE STATE OF WISCONSIN:  To the entity named above as a defendant:

 You are hereby notified that the plaintiffs, and each of them, named above have filed a lawsuit or other legal action against you.  The complaint, which is attached, states the nature and basis of the legal action.

 Within forty-five (45) days of receiving this summons, you must respond with a written answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the complaint. The Court may



reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the Court, whose address is c/o Clerk of Circuit Court, Iron County Courthouse, Room 207, 300 Taconite Street, Hurley, Wisconsin, 54534, and to plaintiff's attorney whose address is 572 Fourth Avenue, South, in the City of Park Falls, in Price County, State of Wisconsin, and whose post-office address is as given below. You may have an attorney help or represent you.

If you do not provide a proper answer within forty-five (45) days, the Court may grant judgment against you for the award of money or other legal action requested in the complaint, and you may lose your right to object to anything that is or may be incorrect in the complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated: January 15, 2020.

*Electronically signed by Daniel Snyder*
Daniel Snyder
State Bar No. 1016478
Attorney for Plaintiffs

Post-office Address of
  Plaintiffs' Attorney:

    P.O. Box 468
    Park Falls, WI  54552

Telephone:  715-762-4460
e-mail:  dfsnyder@pctcnet.net

2

FILED
01-15-2020
Iron County
Clerk of Circuit Court
2020CV000003

State of Wisconsin

Circuit Court for Iron County

Whitecap Mountain Recreation, Inc.,
a domestic business corporation,
9106 W County Road E
Upson, WI  54565

    and

Penokee Skiing Company, LLC,
a domestic limited liability company,
9106 W County Road E
Upson, WI  54565

    and

Penokee Holding Company, LLC
a domestic limited liability company,
P.O. Box 558
Mercer, WI  54547,

             Plaintiffs,
  vs.

Axis Surplus Insurance Company
a foreign insurance corporation,
111 South Wacker Drive, Suite 3500
Chicago, IL  60606,

             Defendant.

Case No. _____

Case Classification Type:  Other Contracts
Case Classification Code:  30303

COMPLAINT

Now come the plaintiffs, and each of them, by Daniel Snyder, their attorney, and for their complaint against the defendant respectfully allege and show to the Court as follows:

    1. The plaintiff Whitecap Mountain Recreation, Inc., is a domestic business corporation organized and existing under and by virtue of the laws of the State of Wisconsin and engaged in the business, at all times material to this action, of owning and operating a lodging and recreation facility.  The

3

principal office and place of business of the said plaintiff is located in Iron County, State of Wisconsin. The address of the said plaintiff is 9106 W County Road E, Upson, Wisconsin, 54565.

2. The plaintiff Penokee Skiing Company, LLC, is a domestic limited liability company organized and existing under and by virtue of the laws of the State of Wisconsin and was at all times material to this action engaged in the business of providing services, as receiver as more particularly described below, to the plaintiff Whitecap Mountain Recreation, Inc. The principal office and place of business of the said plaintiff is located in Iron County, State of Wisconsin. The address of the said plaintiff is 9106 W County Road E, Upson, Wisconsin, 54565.

3. The plaintiff Penokee Holding Company, LLC, is a domestic limited liability company organized and existing under and by virtue of the laws of the State of Wisconsin and engaged, at all times material to this action, in the business of conducting financial affairs. The principal office and place of business of the said plaintiff is located in Iron County, State of Wisconsin. The address of the said plaintiff is P.O. Box 558, Mercer, Wisconsin, 54565.

4. The defendant Axis Surplus Insurance Company is a foreign insurance corporation engaged in the business, among other things, of issuing and selling policies of property insurance and was engaged in such business, at all times material to this action, in the State of Wisconsin. The principal office and place of business of the defendant is located in the City of Chicago, in Cook County, State of Illinois. The address of the defendant is 111 South Wacker Drive, Suite 3500, Chicago, Illinois, 60606.

5. At all times material to this action, the plaintiff Penokee Skiing Company, LLC, was the duly appointed and acting receiver of and for the plaintiff Whitecap Mountain Recreation, Inc., and, by reason of such status as said receiver, held interest in the property and affairs of the plaintiff Whitecap Mountain Recreation, Inc., including its status with respect to the contract and policy of insurance issued and sold by the defendant insurance company to the plaintiff Whitecap Mountain Recreation, Inc., as more particularly described below.

6.  At the time of the issuance and sale of said contract and policy of insurance by the defendant insurance company to the plaintiff Whitecap Mountain Recreation, Inc., an entity known as Security State Bank was a mortgage holder and mortgage creditor of the plaintiff Whitecap Mountain Recreation, Inc. The status of the said Security State Bank as such mortgage holder and mortgage creditor was disclosed to the defendant insurance company, through its authorized insurance agent, and was known to the said defendant insurer at all times material to this action.

7.  During the term of the said policy of insurance issued and sold by the defendant insurance company to the named insured plaintiff Whitecap Mountain Recreation, Inc., the mortgage interests previously held by the said Security State Bank were sold, assigned, and transferred to the plaintiff Penokee Holding Company, LLC, who thereafter became the successor in interest of the said Security State Bank as such mortgage holder and mortgage creditor.

8.  The defendant insurance company issued, for value, its contract and policy of fire and property insurance, designated by the defendant insurer as Policy No. ECF749619-17, to the plaintiff Whitecap Mountain Recreation, Inc., as named insured.

9.  The original team of said policy of insurance was for the period from December 21, 2017, to December 21, 2018.

10. Among the coverages provided by such insurance policy to the plaintiff Whitecap Mountain Recreation, Inc., as such named insured, was commercial property coverage.

11. Under and by virtue of such commercial property coverage provided by such insurance contract and policy as issued and sold, for value, to the plaintiff Whitecap Mountain Recreation, Inc., as such named insured, the defendant insurance company undertook and agreed to pay to, or for the benefit of, the said plaintiff Whitecap Mountain Recreation, Inc., as such named insured, a sum equal to losses sustained by the plaintiff Whitecap Mountain Recreation, Inc., by virtue of damage caused by fire to the insured premises owned or occupied by plaintiff Whitecap Mountain Recreation, Inc., up to the limits specified in said policy of insurance, to wit, $6,689,313.00.

12. Among the buildings and property covered by such insurance contract and policy as issued and sold by the defendant insurance company, for value, to the plaintiff Whitecap Mountain Recreation, Inc., is that certain lodge and associated improvements owned by the said named insured plaintiff and located in Iron County, State of Wisconsin.

13. On January 19, 2019, the named insured plaintiff herein, Whitecap Mountain Recreation, Inc., suffered a casualty loss covered by said policy of insurance issued by the defendant insurance company, to wit, a major fire that consumed the lodge owned and operated by the said plaintiff and located on the said plaintiff's premises.

14. On January 20, 2019, the named insured plaintiff Whitecap Mountain Recreation, Inc., informed the insurance agent for the defendant insurance company of the fact of such loss, and thereby gave notice of such loss to the defendant insurance company.

15. On or about the 13th day of March, 2019, the plaintiffs herein provided to the defendant insurance company their written proof of loss in the amount of $5,000,000.00 arising from such fire event.

16. The said policy and contract of insurance issued and sold by the defendant insurance company for value, to the named insured plaintiff Whitecap Mountain Recreation, Inc., required that written notice of any cancellation of the policy and contract by the defendant insurance company for non-payment of premium be given, by the defendant insurance company, to such mortgage holder at least ten days before the effective date of any such cancelation.

17. The defendant insurance company failed and neglected to provide to Security State Bank or to the plaintiff Penokee Holding Company, LLC, or any other entity holding status as mortgage holder or mortgage creditor, any written notice of the cancellation or intent to cancel the said policy and contract of insurance.

18. If, as required by said policy and contract of insurance, the defendant insurance company had provided notice of cancellation to either Security State Bank or plaintiff Penokee Holding

6

Company, LLC, as such mortgage holder and mortgage creditor and as such successor mortgage holder and successor mortgage creditor, respectively, the plaintiff Penokee Holding Company, LLC, could have, and would have, paid the premium required to avoid cancellation of the policy and contract for non-payment of premium and, thereby, could have and would have maintained the said policy of insurance, including renewals thereof, in full force and effect.

19. The plaintiffs, and each of them, relied and reasonably were entitled to rely on defendant insurance company's promise and undertaking, in the said contract and policy of insurance, to provide such notice of intent to cancel to any mortgage holder.

20. By a notice of cancellation of insurance dated and mailed by the defendant insurance company on December 20, 2018, to the named insured plaintiff Whitecap Mountain Recreation, Inc., the defendant insurance company purported to cancel the said contract and policy of insurance retroactively as of October 13, 2018, for alleged failure to pay a premium when due.

21. The said notice of retroactive cancellation of insurance given on the eve of the expiration of the original term of the policy in contract of insurance was given in breach of the obligation undertaken by the defendant insurance company in paragraph A, subparagraph 2a of the "Common Policy Conditions" of the policy and contract of insurance which provides:

> 2. We may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation at least:
>
>   a. 10 days before the effective date of cancellation if we cancel for nonpayment of premium; * * *

22. In accordance with §631.36(4)(a), Wisconsin Statutes, the plaintiff named insured Whitecap Mountain Recreation, Inc., had the right to have such policy and contract of insurance renewed for an additional period of time equivalent to the expiring term, to wit, for one year, that is, until December 21, 2019.

23. By reason of the foregoing, the defendant insurance company is estopped to deny the plaintiffs renewal of said policy and contract of insurance through a renewed term expiring on

December 21, 2019, that is, during the time that the fire and loss occurred, and, further, is estopped from asserting that the plaintiffs' loss is not covered by such renewed contract and policy of insurance.

WHEREFORE, the plaintiffs, and each of them, demand judgment against the defendant insurance company as follows:

A. For the amount of their loss covered by such policy and contract of insurance in the amount of $5,000,000.00;

B. For their costs and fees as allowed by law; and

C. For such other and further relief as may be appropriate.

Dated:  January 15, 2020.

*Electronically signed by Daniel Snyder*_____
Daniel Snyder
State Bar No. 1016478
Attorney for Plaintiffs

Post-office Address of
  Plaintiffs' Attorney:

    P.O. Box 468
    Park Falls, WI  54552

Telephone:  715-762-4460
e-mail:  dfsnyder@pctcnet.net

8